UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE J. WALTON, #239393,

        Plaintiff,                    No. 05-70363

v.                              District Judge Denise Page Hood

WAYNE COUNTY SHERIFF'S        Magistrate Judge R. Steven Whalen
DEPARTMENT, ET. AL.,

        Defendants.
_____ /

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

    Plaintiff, a *pro se* prison inmate in this civil rights action brought under 42 U.S.C.
§1983, filed a Motion to Amend Complaint on July 11, 2005 [Docket #24] and Motion for
Leave to Add Party on June 30, 2005 [Docket #21].   Plaintiff alleges that Wayne County
Sheriff's Department Detective Terri Smiddy attempted to "sabotage" his case against the
above Defendants by misplacing crucial evidence. *Reply* at ¶4.  Although he concedes that
Smiddy did not participate in the events pertaining to his underlying excessive force claims
against Defendants, he alleges that she assisted Defendants by hindering an internal affairs
investigation into those claims. *Id*. at 4,7.

    Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be
amended only by leave of the court, and that "leave shall be freely given when justice so
requires."  Despite the general rule of liberality with which leave to file amended complaints

is to be granted, *see* Fed.R.Civ.P. 15(a) , the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment.   *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Plaintiff's allegations against Smiddy, liberally construed, state claims of constitutional magnitude sufficient to withstand a motion to dismiss.[1] Further, Plaintiff has alleged a significant relationship between the underlying claims and his accusations against Smiddy.  Although Defendants argue that the Court should not permit Plaintiff to use "stall tactics," (*Response* at ¶11)  I note that as of today, despite multiple directives from the Court, Defendants have failed to  file one substantive pleading in this case in over six months.[2]

IT IS ORDERED that Plaintiff's Motion to Amend Complaint [Docket #24] is GRANTED.  Plaintiff's Motion for  Leave to Add Party on June 30, 2005 [Docket #21] is DENIED AS MOOT.

---

[1]Plaintiff's claims that Smiddy was "incompetent" and "negligent," of course, do not rise to the level of a constitutional violation. *Reply* at ¶4.  However, the Court does not infer that  Plaintiff alleges that Smiddy was *merely* incompetent and negligent, but notes that he also claims additionally that she deliberately misplaced evidence, conspiring with Defendants to deprive him of his constitutional rights. *Id.* at ¶¶2,4,6.

[2]On September 15, 2005, this Court issued an order requiring a responsive pleading to Plaintiff's Motion for Default Judgment and Summary Judgment [Docket #33].  On November 9, 2005, the Court issued a second order [Docket #37].  On January 13, 2006, the Court issued a Order to Show Cause [Docket #41], which as of today, Defendants have not responded.

S/R. Steven Whalen _____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 7, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 7, 2006.

S/G. Wilson _____
Judicial Assistant

-3-