UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE J. WALTON, #239393,

    Plaintiff,                                             No. 05-70363

v.                                                                              District Judge Denise Page Hood

WAYNE COUNTY SHERIFF'S                              Magistrate Judge R. Steven Whalen
DEPARTMENT, ET. AL.,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION**

Before the Court are the following dispositive motions filed by Plaintiff:

-Motion for Default Judgment [Doc. #32]

-Motion to Compel for Order of Summary Judgment [Doc. #36]

-Motion for Default and Summary Judgment [Doc. #51].

These motions have been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons discussed below, I recommend that all three motions be DENIED.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his *pro se* civil rights complaint on February 14, 2005, naming as Defendants the Wayne County Sheriff's Department and three Sheriff's Deputies. He alleges, *inter alia*, use of excessive force following his arrest and deliberate indifference to

serious medical needs.

On July 11, 2005, Plaintiff filed a motion to amend his complaint to add Terry Smiddy, another Sheriff's Department employee, as a Defendant [Doc. #24]. On September 8, 2005, while the motion to amend was pending, Plaintiff filed a motion for default and summary judgment [Doc. #32], based on two grounds: (1) that Defendants did not respond to his motion for expert witness fees, and (2) that Terry Smiddy had not filed a response to the proposed amended complaint. On November 4, 2005, again while the motion to amend complaint was still pending, the Plaintiff filed a self-styled "Motion to Compel for Order of Summary Judgment [Doc. #36], based on Defendants failure to respond to his first motion for default and summary judgment.

On January 13, 2006, the Court, noting that Defendants had not filed responses to Plaintiff's two motions [Doc. #s 32 and 36], ordered them to show cause, in writing, why a Report and Recommendation should not issue that the motions be granted. Counsel for the Defendants (i.e., those named in the original complaint) filed a response to the show cause order, indicating that through a series of unintentional errors at the Office of the Wayne County Corporation Counsel, including the original attorney assigned to the case leaving the employ of the Office and the inadvertent placement of the case file in storage, he did not have actual notice of the Court's previous orders. Counsel also responded substantively to the Plaintiff's two motions.

On February 7, 2006, the Court granted Plaintiff's motion to amend the complaint to add Smiddy as a Defendant [Doc. #44].

On May 16, 2006, Plaintiff filed another motion for default and summary judgment as to Defendant Smiddy, again arguing that Smiddy had not timely answered the summons and complaint. However, the Court's file contains no waiver of service or proof that Smiddy was properly served with a complaint and summons.

## II. ANALYSIS

Plaintiff seeks a default judgment on two grounds. First, he argues that the Defendants failed to respond to his motions, as they were ordered to do by the Court. The only arguable basis for entering a default judgment for failure to comply with a court order would be Fed.R.Civ.P. 37(b)(2)(C). Secondly, he asks for a default judgment as to Defendant Smiddy based on that Defendant's alleged failure to timely answer the complaint. The basis for that request would be Fed.R.Civ.P. 55(b). These two arguments, which form the basis of all the motions addressed in this Report and Recommendation, will be addressed separately.

### A. Rule 37 Default

Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)( C ), entry of default judgment where it is the defendant who has been disobedient. In this case, the Defendants' alleged malfeasance did not involve a discovery order, but rather an order to file a responsive pleading to a motion. By its terms, therefore, Rule 37 would not seem to apply to the instant

situation. However, even if it did, Plaintiff would not be entitled to a default judgment[1].

A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

First, I am convinced that Defendants' failure file responsive pleadings, as ordered by the Court, was not due to willfulness or bad faith, but rather to a series of unfortunate errors. Secondly, the Plaintiff was not prejudiced. The Court fully considered his motion for expert witness fees, and denied it without prejudice. If this case ultimately survives summary judgment, the Court is willing to re-examine the question of expert fees. Thirdly, the Defendants were only warned of the possibility of sanctions in the January 13, 2006 show

---

[1] An alternative basis would be the Court's inherent power to control the proceedings. In that case, the Court would still follow the four-part analysis under Rule 37, discussed *infra*.

cause order, and they timely responded to that order.  Finally, lesser sanctions have not been considered or imposed.  Therefore, even construing Rule 37 liberally to apply to the present situation, entry of default judgment under these circumstances would be inappropriate.

### B.    Rule 55(b) Default

Under Fed.R.Civ.P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action.  However, default judgment may not be entered against a defendant who has not been properly served with a summons and complaint under Fed.R.Civ.P. 4(c)-(h), since the Court would not have personal jurisdiction over such defendant.

In this case, the Plaintiff filed his first motion for default judgment as to Defendant Smiddy well before this Court had even granted leave to file an amended complaint.  In addition, it appears that Smiddy has not been properly served to this day.  Under these circumstances, Plaintiff is not entitled to a default judgment against Smiddy.

### C.    Issue Preclusion

Finally, on February 8, 2006, the Court denied a separate "Motion for Judgment" that raised the same issues presented in these three motions.  In its Order, the Court stated:

> "Although Defendants in fact ignored the Court's order to respond to Plaintiff's motions for expert witness fees, the Court declines to impose the severe sanction of default judgment based on Defendants' failure to respond to a non-dispositive motion.  Likewise, the Court will not impose sanctions based on Terri Smiddy's lack of a response to a summons served several months before she was named as a co-defendant." [Doc. #45]

The present motions are therefore barred under the doctrine of collateral estoppel, or

issue preclusion.

### III.   CONCLUSION

Accordingly, I recommend that Plaintiff's motions for default and/or summary judgment [Docket #s 32, 36 and 51] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen

                         R. STEVEN WHALEN
                         UNITED STATES MAGISTRATE JUDGE

Dated: July 7, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 7, 2006.

                         S/G. Wilson
                         Case Manager