UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WALTON, #239393,

        Plaintiff,

v.                                CASE NO. 05-70363
                                 HONORABLE DENISE PAGE HOOD

WAYNE COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation dated July 7, 2006. The Magistrate Judge recommended that the Court deny all of the following motions: Plaintiff's Motion for Default Judgment, filed on September 8, 2005; Plaintiff's Motion to Compel for Order of Summary Judgment, filed on November 4, 2005; and Plaintiff's Motion for Default and Summary Judgment, filed on May 16, 2006. On July 25, 2006, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation.

This action is a *pro se* civil rights action, brought under 42 U.S.C. § 1983, alleging violation of Plaintiff's Fourth Amendment right to be free from excessive and unreasonable force following his arrest, and deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment.[1]

---

[1] The Eighth Amendment forbids prison officials from inflicting "unnecessary and wanton infliction of pain" on prisoners by acting with "deliberate indifference" towards their serious medical needs. *See Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861 (1979). Pretrial detainees have commensurate right under the Fourteenth Amendment's Due Process Clause. *See*

After careful review and consideration, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

On September 8, 2005, Plaintiff filed his first Motion for Default. As of that date, Plaintiff's Motion to Amend Complaint to add a party defendant, filed on July 11, 2005, was still outstanding. This was likewise the status of Plaintiff's Motion to Amend when he filed a Motion to Compel for Order of Summary Judgment on November 4, 2005. Both motions were based upon Defendants' failure to respond. On February 7, 2006, the Court granted Plaintiff's Motion to Amend Complaint and Terry Smiddy was added as a defendant. On May 16, 2006, Plaintiff filed another Motion for Default and Summary Judgment based upon Defendant Smiddy's failure to timely file an Answer to the Summons and Complaint. As of the date of this motion, Defendant Smiddy had not been served.

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the ground that other attorneys had filed appearances for the County of Wayne and the Wayne County Sheriff's Department in the instant matter, and therefore another attorney assigned to the case should have responded to his motion. As the Magistrate Judge correctly stated in the Report and Recommendation, the imposition of sanctions under Fed. R. Civ. P. 37(b) is discretionary with the Court. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778. 49 L. Ed. 2d 747 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F. 2d 150, 154 (6th Cir. 1988). In evaluating the appropriateness of sanctions using the *Harmon* factors, the Court agrees with the Magistrate Judge. *See Harmon v. CSX Transportation, Inc.*, 110 F. 3d 364, 366-67(6th Cir. 1997). First, Defendants' failure to respond was not the product of bad

---

*Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

faith, and second, Plaintiff has not demonstrated he has been prejudiced by the delay. Further, the January 13, 2006 Show Cause Order only warned of possible imposition of sanctions, and Defendants timely responded to the Order, and also responded to Plaintiff's pending motions. The Court finds that sanctions are inappropriate.

The Magistrate Judge also recommended denying Plaintiff's Rule 55(b) Motions for Default Judgment. The Court agrees that denying Plaintiff's Motions for Default Judgment is appropriate under the circumstances. The Court notes that as of the date of the Magistrate Judge's Report and Recommendation, July 7, 2006, there was no evidence before the Court that Defendant Smiddy had been served. The Court also notes that Defendant Smiddy has now been served, and Answered Plaintiff's Complaint on July 10, 2006.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Default Judgment [**Docket No. 32, filed September 8, 2005**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel for Order of Summary Judgment [**Docket No. 36, filed November 4, 2005**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default and Summary Judgment [**Docket No. 51, filed May 16, 2006**] is DENIED.

|  |  |
|---|---|
|  | S/Denise Page Hood |
|  | Denise Page Hood |
| Dated: September 29, 2006 | United States District Judge |

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                                                                       S/William F. Lewis
                                                                       Case Manager