UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE J. WALTON, #239393,

       Plaintiff,                          Case No. 05-70363
                                                      Honorable Denise Page Hood

v.

WAYNE COUNTY SHERIFF'S DEPARTMENT
et al.,

       Defendants.
_____/

## ORDER RE: REPORTS AND RECOMMENDATIONS

**I.    INTRODUCTION**

These matters are before the Court on Magistrate Judge R. Steven Whalen's Reports and Recommendations, dated July 27, 2007 [Dkt. #78], and July 30, 2007 [Dkt.#79] respectively. Plaintiff has filed Objections to Magistrate Judge Whalen's July 27, 2007 Report and Recommendation.

Plaintiff filed this *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 14, 2005, alleging that Defendants violated his constitutional rights by using excessive force, and were deliberately indifferent to his serious medical needs following his July 28, 2003 arrest.

The Court has had an opportunity to review these matters and finds that the Magistrate Judge reached the correct conclusions for the proper reasons as to Defendants Wayne County Sheriff's Department, Craig Cooper, Thomas Harris and Terrie Smiddy. Accordingly, these Defendants are dismissed from this action. However, the Court disagrees with the Magistrate

1

Judge as to his recommendation to dismiss Defendant Terrance Reed.

## II. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F 2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections were filed to the Magistrate Judge's Report and Recommendation.

### B. July 27, 2007 Report and Recommendation

#### 1. Defendants Wayne County Sheriff's Department, Terrance Reed, Craig Cooper, and Thomas Harris (Dkt. #71)

The Magistrate Judge recommended that the Court grant Defendants Wayne County Sheriff's Department, Reed's, Cooper's and Orris' Motion for Summary Judgment.

First, the Court notes that the Magistrate Judge correctly found that Plaintiff's right to be free from the infliction of cruel and unusual punishment must be analyzed under the Fourteenth Amendment's Due Process Clause, a right analogous to that afforded under the Eighth

2

Amendment, as Plaintiff was a pretrial detainee at the time of the alleged assault. *See Roberts v. City of Troy*, 773 F. 2d 720, 723 (6th Cir. 1985) In order to state a claim under the Eighth Amendment, Plaintiff must establish both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994). "The objective component of an Eighth Amendment claim requires that the pain be serious." *Moore v. Holbrook*, 2 F. 3d 697, 700 (6th Cir. 1993). The subjective component of an excessive force claim under the Eighth Amendment requires analysis of "[w]hether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Combs v. Wilkinson*, 315 F. 3d 548, 556 (6th Cir. 2002) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). While "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault" such contact may not be "unnecessary and wanton infliction of pain." *Combs*, 315 F. 3d at 556. In analyzing excessive force claims under the Eighth Amendment, this "[C]ourt must consider the reasons or motivation for the conduct, the type of force used, and the extent of the inflicted injury." *Moore*, 2 F. 3d at 700.

Plaintiff objects by reasserting that following his arrest he was subjected to excessive force by Defendant Reed when he was placed in a holding cell at Lincoln Juvenile Hall of Justice, that Defendant Reed slammed his head into a metal bench, choked and dragged him around the cell causing injury to his knee. The Magistrate Judge concluded that Plaintiff's affidavit provides "insufficient disagreement" to avoid summary judgment. The Magistrate Judge reached this conclusion based upon Defendant Reed's affidavit asserting that he did not assault Plaintiff, the medical exam notes from Detroit Receiving Hospital and eyewitness and incident reports. The Court does not agree. First, there is no legitimate penological justification

3

for the type of force allegedly used here. It appears that Defendant's Reed's alleged actions in slamming Plaintiff's head into a metal bench, choking him and dragging him around the cell were malicious and an unjustified use of force. Plaintiff alleges he suffered injuries as a result of Defendant Reed's use of force. The Court must view these facts in the light most favorable to Plaintiff, and accordingly denies Defendant Reed's Motion for Summary Judgment.

The Court agrees, however, that Plaintiff fails to demonstrate by way of any documentary evidence that there is a genuine issue as to any material fact which would support his claims against Defendants Cooper and Orris.[1]

Lastly, Plaintiff cannot withstand Defendant Wayne County Sheriff's Department's Motion for Summary Judgment. A "Sheriff's Department is not a legal entity subject to suit ...." *Rhodes v. McDannel*, 945 F. 2d 117, 120 (1991). To the extent Plaintiff attempts to assert a *Monell* claim against Wayne County, such a claim is likewise subject to dismissal. To establish municipal liability, a plaintiff first must establish that a constitutional violation has occurred.[2] *Lewellen v. Metropolitan Gov't of Nashville and Davidson County, Tennessee*, 34 F.3d 345, 350 (6th Cir. 1994). Plaintiff has not established the violation of any constitutional rights.

## 2. Defendant Terrie Smiddy (Dkt. # 74)

As to Defendant Smiddy, the Magistrate Judge correctly concluded that Defendant fails to state a claim as he has no rights secured by the Constitution in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614 (1973).

---

[1] It is also true that the Magistrate Judge correctly noted that Plaintiff has failed to state a claim against Defendant Orris.

[2] Plaintiff's failure to allege a constitutional violation against Defendant Smiddy is discussed *infra*.

### C. July 30, 2007 Report and Recommendation

The Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be denied. The Court agrees with the Magistrate Judge that the present motion raises the same issues previously raised by Plaintiff in his May 16, 2006 Motion for Default Judgment, which this Court denied on September 29, 2006. Accordingly, denial of Plaintiff's present Motion for Default Judgment is appropriate.

### IV. CONCLUSION

IT IS ORDERED that Magistrate R. Steven Whalen's July 27, 2007 Report and Recommendation **[Docket No. 78, filed July 27, 2007]** is ACCEPTED IN PART and REJECTED IN PART as set forth above.

IT IS FURTHER ORDERED that Magistrate R. Steven Whalen's July 30, 2007 Report and Recommendation **[Docket No. 79, filed July 30, 2007]** ACCEPTED and ADOPTED as this Court's findings of facts and conclusions of law.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment and Dismissal Under Fed. R. Civ. P. 56(c) and 12(b)(6) [**Docket No. 71, filed on December 21, 2006]** is GRANTED as to Defendants Thomas Orris, Craig Cooper, and Wayne County Sheriff's Department and DENIED as to Defendant Terrance Reed.

IT IS FURTHER ORDERED that Detective Terrie Smiddy's Motion for Summary Judgment Pursuant to Rule 12(b)(6) and Federal Rule 56 **[Docket No. 74, filed on January 5, 2007]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default with Regard to Co-Defendant Terrie Smiddy [**Docket No. 61, filed on September 6, 2006**] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File a Response/Reply (Objections) to the Report and Recommendation **[Docket No. 81, filed August 10, 2007]** is GRANTED, Plaintiff having filed his Objections on August 21, 2007.

IT IS FURTHER ORDERED that Defendants Wayne County Sheriffs' Department, Thomas Orris, Craig Cooper and Terrie Smiddy are DISMISSED with prejudice. Defendant Terrance Reed remains.

IT IS FURTHER ORDERED that this matter is REFERRED back to the Magistrate Judge for further pretrial proceedings, including setting a discovery schedule, preparing a Report and Recommendation on any further dispositive motions, and assisting the parties in the preparation of a Joint Final Pretrial Order. The Magistrate Judge will update the Court as to the status of the case within 90 days from the entry of this Order.

                        s/ DENISE PAGE HOOD
                        DENISE PAGE HOOD
                        United States District Judge

Dated: September 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Jesse J. Walton, Reg. No. 239393, Baraga Maximum Correctional Facility, 301 Wadaga Rd., Baraga, MI 49908 on September 26, 2007, by electronic and/or ordinary mail.

                        S/William F. Lewis
                        Case Manager