UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE J. WALTON, #239393,

    Plaintiff,                              No. 05-70363

v.                                       District Judge Denise Page Hood

WAYNE COUNTY SHERIFF'S           Magistrate Judge R. Steven Whalen
DEPARTMENT, ET. AL.,

    Defendants.
_____ /

**ORDER CONSTRUING MOTION FOR ORDER TO SHOW CAUSE
AS A MOTION TO COMPEL DISCOVERY, AND GRANTING IN PART
AND DENYING IN PART SAID MOTION**

Before the Court is Plaintiff's Motion for Order to Show Cause [Docket #99]. In substance, this is a motion to compel Defendant to respond to Plaintiff's interrogatories and requests for production of documents, and will be construed as such.[1]

In response [Docket #105], Defendant states that he has responded to the interrogatories and requests to produce that are in question. In fact, in the Plaintiff's reply brief, he attaches the Defendant's answers. A review of those answers shows that most of the discovery requests were answered. As to the requests that were answered, the Plaintiff's motion is DENIED AS MOOT.[2]

---

[1] *Pro se* pleadings are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[2] Plaintiff also argues that the Defendant's responses were late. Plaintiff states that he sent the interrogatories on November 9, 2008. Under Rule 33 and Rule 34, the time to respond is 30 days *after service*. The Defendant in fact sent his responses on December

-1-

However, Defendant objected to certain interrogatories and requests to produce. Again construing the present motion as a motion to compel, the Court will address the objections.

Interrogatory #8

Plaintiff asks for all written and verbal policies of the Wayne County Sheriff's Department for ensuring the safety of prisoners while being transported or while incarcerated. Defendant objects that the interrogatory is vague and overbroad.

I agree that the interrogatory is overbroad as framed. Such policies could include any number of situations not relevant to the Plaintiff's claims. Therefore, the motion to compel as to Interrogatory #8 is DENIED. Plaintiff may, however, submit a more narrowly crafted interrogatory to Defendant.

Interrogatory #11

Plaintiff requests "all written and verbal policies and procedures for providing medical treatment to persons in police custody." Again, the objection is that the interrogatory is vague and overbroad. I disagree. First, "police custody" can reasonably be construed to mean "custody by the Wayne County Sheriff's Department." The policies for medical treatment of prisoners is relevant to Plaintiff's claims. Therefore, the motion to compel as to Interrogatory #11 is GRANTED.

Interrogatory #13

This interrogatory, which requests policies for preserving evidence of victim of

---

13, 2008, 33 days after the Plaintiff mailed his requests from the prison. The Court takes notice that it would ordinarily take at least three days for such requests to be received by the Defendant's counsel. Therefore, the Defendant's responses were timely. Furthermore, even if the responses were three days late, the Court would, under the circumstances, decline to impose any sanctions under Rule 37 or otherwise, given that the discovery requests were provided, and there is no real prejudice to the Plaintiff.

violent crime "such as the Plaintiff Mr. Walton" is rather confusingly phrased, and contains statements of disputed fact. I agree with Defendant that the interrogatory is vague as framed, and the motion to compel its answer is DENIED.

Request to Produce #6

In response to Plaintiff's request for video or audio tapes, Defendant responds that there may be an audio tape of an interview with Iinkaa Reed, and that "Defendant's counsel is attempting to locate this audiotape." Such a tape would clearly be relevant and discoverable, and the motion to compel its production is GRANTED. Defendant will undertake a thorough and diligent search for this tape, and if unable to locate the tape within 30 days of the date of this Order, will so notify the Court and the Plaintiff in writing, detailing the steps taken to locate the tape.

Request to Produce #8

Plaintiff requests "prisoner/detention logs for plaintiff for the entire time he was in custody." Defendant objects that the request "is too vague and ambiguous as to the definition of 'custody.'" The request may and will reasonably be construed to refer to the Plaintiff's custody by the Wayne County Sheriff's Department as the result of the events giving rise to this lawsuit. As so construed, the motion to compel as to Request to Produce #8 is GRANTED.

Requests to Produce #11 and #12

Plaintiff requests Wayne County Sheriff's Department guidelines on training officers to handle prisoners, and the guidelines regarding medical treatment for pre-trial detainees. Defendant objects to both requests, on the basis that the Wayne County Sheriff's Department is not a defendant. However, Defendant, who is a Sheriff's Deputy, and his counsel have ready access to the requested material, which is relevant to this case. Therefore, the motion

to compel is GRANTED as to Requests to Produce #11 and #12.

Request to Produce #23

Plaintiff seeks *all* records pertaining to *all* complaints of excessive force, assault, deliberate indifference, obstruction of justice, false arrest, wrongful death and shootings, etc., against *all* officers, agents and employees of the Wayne County Sheriff's Department. As framed, the request is overbroad, and will be DENIED.

All discovery ordered to be produced shall be produced within 21 days of the date of this Order. Discovery is a continuing obligation, and Defendant will supplement answers and document requests in the event that additional information comes to light.

SO ORDERED.


S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 30, 2008.

S/G. Wilson
Judicial Assistant