## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSE J. WALTON,

        Plaintiff,               CIVIL ACTION NO. 05-CV-70363

v.

                         HONORABLE DENISE PAGE HOOD

WAYNE COUNTY SHERIFF
DEPARTMENT, et al.,

        Defendants.

_____/


## ORDER GRANTING APPLICATION
## TO PROCEED IN FORMA PAUPERIS ON APPEAL,
## DENYING PETITION TO OBTAIN TRANSCRIPT IN FORMA PAUPERIS,
## AND
## GRANTING MOTION TO WITHDRAW AS COUNSEL


**I.**       **INTRODUCTION**

      Plaintiff Jesse J. Walton filed a Complaint alleging excessive force and deliberate indifference to medical needs under 42 U.S.C. § 1983. Pro bono counsel was assigned by the Court to represent Walton on May 22, 2009. A jury trial was held in this matter and a verdict of no cause of action was returned on July 31, 2009. The Court denied Walton's Motion for Relief from Judgment on April 18, 2010. On March 9, 2011, the Court further denied or mooted various post-judgment motions filed by Walton. Walton filed a Notice of Appeal on March 24, 2011. On April 15, 2011, Walton filed an Application for Prisoner to Proceed Without Prepayment of Fees or Costs, as an attachment to his Response to Notice of Failure to Comply with Appeal Filing Fee Requirement. Walton also filed a Petition requesting trial transcripts without paying the applicable

court reporter fees on June 13, 2011.  Daniel E. Manville, pro bono counsel for Walton, filed a

Motion to Withdraw as counsel on appeal.

## II.     *IN FORMA PAUPERIS* **ON APPEAL REQUEST**

A prisoner plaintiff's action is governed by various screening procedures applicable to

persons proceeding *in forma pauperis*, 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), and under the Prison

Litigation Reform Act of 1995, 42 U.S.C. § 1997e(c)(1).  "An appeal may not be taken *in forma*

*pauperis* if the trial court if the trial court certifies in writing that it is not taken in good faith."  28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v.*

*Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).  Walton's claims of excessive force and

deliberate indifference to medical needs proceeded to a jury trial.  Any appeal from the jury's verdict

is taken in good faith.  Walton's request to appeal *in forma pauperis* is granted.

## III.    **TRANSCRIPT**

Walton's request regarding the trial transcript is governed by 28 U.S.C. § 753.  The statute

provides that the Government may pay fees for transcripts to persons proceeding *in forma pauperis*

under:  the Criminal Justice Act, 18 U.S.C. § 3006A; a habeas corpus action; a § 2255 action; and

in other civil cases "if the trial judge certifies that the appeal is not frivolous and presents a

substantial question."  28 U.S.C. § 753(f).  A "substantial question" has been defined as:  "a close

question or one that could go either way;" the "question is so integral to the merits;" "it is more

probable than not that reversal will be required;" or that the question is "novel ... and has not been

decided by controlling precedent or is fairly doubtful."  *United States v. Parkes,* 2009 WL 5205370

*3 (E.D. Tenn. 2009)(quotations and citations omitted). Unless the Government pays for the

transcripts, the court reporter may charge and collect fees for transcripts requested by the parties and

may require any party requesting a transcript to prepay the estimated in advance.  28 U.S.C. § 753(f).

By its verdict, the jury in this case found that Walton did not carry his burden on proving that the deputy sheriff used excessive force when handcuffing Walton.  The jury's finding is not a "substantial question" which is more probable than not that reversal will be required.  A court may set aside a jury verdict and grant a new trial for any of the reasons for which new trials have been granted, including when a verdict is against the weight of the evidence, the damages awarded are excessive, or the trial was unfair to the moving party in some fashion.  *Holmes v. City of Massilon,* 78 F.3d 1041, 1045-46 (6th Cir. 1996).  The moving party has the burden of demonstrating the necessity for a new trial.  *Clarksville-Montgomery County Sch. Sys. v. U.S. Gypsum Co.,* 925 F.2d 993, 1002 (6th Cir. 1991).  In this case, Walton has not shown that the jury's verdict was against the weight of the evidence submitted by the parties at trial.  Walton is not entitled to a transcript of the trial to be paid by the Government under 28 U.S.C. § 753(f).  Should Walton seek a transcript from the court reporter, a request must be made in writing and addressed to the court reporter as required under E.D. Mich. LR 80.1.  Any payment arrangements must be made with the court reporter as required under 28 U.S.C. § 753(f).

## IV.    MOTION TO WITHDRAW AS COUNSEL

Mr. Manville seeks to withdraw as counsel.  Mr. Manville indicates that once the jury had rendered its verdict and judgment his representation ceased.  He claims he was under no obligation to file further proceedings, including filing an appeal and representing Walton on appeal.  Mr. Manville asserts that the order of appointment of counsel does not state he was required to provide any representation on appeal.  If such was a requirement, Mr. Manville claims that it would result

3

in most attorneys refusing to accept pro bono appointment.  Mr. Manville requests that all future orders for appointment of pro bono counsel specifically contain a provision that after settlement or a verdict is rendered, an appointment of counsel ceases.

The Order of Assignment of Counsel indicates that the "assignment is terminated by (1) Order of the court, (2) assignment of substitute counsel, or (3) termination of the matter before the Court."  (Doc. No. 168)  The Order further states that "Assigned counsel may only request to withdraw from this matter through filing of a motion, with notice to plaintiff, setting forth full particulars as to why such a motion should be granted."  (Doc. No. 168)  The Order of Assignment of Counsel does not indicate that assigned counsel is required to represent a client on appeal, other than noting that the assignment is terminated by termination of the matter before the Court. "Termination" is not defined in the Order of Assignment. The Local Rules, E.D. Mich. LR 83.30(a), allow withdrawal of appearances by leave of Court on motion of counsel. The Court grants Mr. Manville's Motion to Withdraw as Counsel. Mr. Manville is not required to represent Walton on any post-judgment proceedings or any representation of Walton on appeal.

## V.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's request to proceed *in forma pauperis* found as an attachment to a Response **[Doc. No. 205, 4/15/2011]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Petition for Order regarding voucher for trial transcripts **[Doc. No. 206, 6/13/2011]** is DENIED.

2:05-cv-70363-DPH-RSW   Doc # 207   Filed 07/01/11   Pg 5 of 5    Pg ID 972

IT IS FURTHER ORDERED that Plaintiff's counsel's Motion to Withdraw as Counsel **[No. 199, 3/12/2011]** is GRANTED.


                                           s/Denise Page Hood_____
                                           United States District Judge


Dated:  July 1, 2011

I hereby certify that a copy of the foregoing document was served upon Jesse J. Walton #239393, n1960 U.S. Hwy 41 South, Marquette, MI 49855 and  counsel of record on July 1, 2011, by electronic and/or ordinary mail.

                                           s/LaShawn R. Saulsberry_____
                                           Case Manager